UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

         -against-

STEVEN STALTARE,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 2 8 2020

ORDER

13 Cr. 693 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Defendant Steven Staltare, *pro se*, moves this Court to modify his sentence to home confinement or time served pursuant to 18 U.S.C. § 3582(c)(1)(A), in light of his medical conditions and the COVID-19 pandemic. (*See* Emergency Mot. For Modification of Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Def. Mot."), ECF No. 54.) The Government opposes Defendant's motion for compassionate release. (*See* Letter dated May 4, 2020, ECF No. 55.) Defendant is currently serving a sentence of 77 months' imprisonment for wire fraud and securities fraud, which is running consecutively to a 37-month sentence for tax evasion from an unrelated case in the Middle District of Florida. (J. in a Criminal Case, ECF No. 45.) Defendant's sentence in this matter arises from his participation in two different schemes to defraud four separate victims, with losses of $846,250. (Govt Letter at 2.) At their core, these schemes involved Defendant inducing his victims to provide large sums of money to invest in various securities, but which Defendant misappropriated for his personal use. (*See id.*) Defendant was also previously sentenced by this Court, in 2007, for his involvement in another scheme to defraud. (*Id.* at 3.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). However, a court may do so only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Further, any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence. Defendant contends his medical conditions qualify under Application Note 1(A)(ii), which states, in relevant part, that such reasons exist where the defendant has demonstrated he is "suffering from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Appl. Note 1(A). Additionally, the defendant must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

As an initial matter, Defendant's motion is premature given that he does not claim he has sought relief within the Bureau of Prisons or exhausted his administrative remedies. "[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements." *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004); *see also United States v. Ogarro*, No.

18 Crim. 373-9 (RJS), 2020 WL 1876300, at *3 (S.D.N.Y. Apr. 14, 2020) (denying the defendant's motion for release under the First Step Act because he has failed to exhaust his administrative remedies). Even assuming, *arguendo*, that Defendant could satisfy the administrative exhaustion requirement or a futility exception were available, Defendant has failed to demonstrate any underlying medical condition alone or taken together that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover." U.S.S.G. § 1B1.13, Appl. Note 1(A). Defendant suffers from a series of medical conditions, including diabetes, severe obesity, hypertension, and dyslipidemia (elevated cholesterol). (Def. Mot. at 3.) As the Government recognizes, at least two of the Defendant's conditions are on the CDC's list of conditions that place individuals at high risk for severe illness from COVID-19. *See* Centers for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19) – People Who Are at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 28, 2020). However, Defendant has given no indication that his medical conditions substantially diminish his ability to provide self-care, or cannot be managed. He receives medication to treat his conditions, particularly diabetes and high blood pressure and cholesterol resulting from obesity. (Def. Mot. at 4-5.) Moreover, Defendant has not alleged that personnel at the facility where he is incarcerated, FCI Jesup, are unable, or not taking steps, to protect him from COVID-19. Defendant has not set forth an "extraordinary and compelling" reason that he is entitled to modification of his sentence.

3

Defendant's motion for compassionate release modifying his sentence to home confinement or time served, (ECF No. 54), is DENIED.

Dated: May 28, 2020
       New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

4